1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  KAITLIN PAULSON (CABN 316804)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 412-0168
7       FAX: (415) 436-7234
        Kaitlin.Paulson@usdoj.gov
8
   Attorneys for United States of America
9

**FILED**

Apr 11 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,          )   **CASE NO. 3:22-mj-70418 MAG**
                                       )
14        Plaintiff,                   )   **DETENTION ORDER**
                                       )
15     v.                              )
                                       )
16  JOSE ALVARADO, A/K/A CHEPE,        )
                                       )
17        Defendant.                   )
                                       )
18  ─────────────────────────────────

19        On March 30, 2022, defendant JOSE ALVARADO, a/k/a Chepe, was charged by complaint with

20  distribution of 40 grams or more of fentanyl, in violation of Title 21, sections 841(a)(1) and

21  (b)(1)(B)(vi), and distribution of 5 grams or more of methamphetamine, in violation of Title 21, sections

22  841(a)(1) and (b)(1)(B)(viii).

23        This matter came before the Court on April 7, 2022, for a detention hearing.  The defendant was

24  present by Zoom and consented to appear by video, and he was represented by Elizabeth Falk.  Assistant

25  United States Attorney Kaitlin Paulson appeared for the government.  The government moved for

26  detention, and the defendant opposed.  At the hearing, counsel submitted proffers and arguments

27  regarding detention.

28        Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

1   the record, the Court finds by a preponderance of the evidence that no condition or combination of

2   conditions will reasonably assure the appearance of the person as required and by clear and convincing

3   evidence that no condition or combination of conditions will reasonably assure the safety of any other

4   person or the community.  Accordingly, the defendant must be detained pending trial in this matter.

5        The present order supplements the Court's findings and order at the detention hearing and serves

6   as written findings of fact and a statement of reasons as required by Title 18, United States Code,

7   Section 3142(i)(1).  As indicated in the bail report and the addendum to the bail report, the defendant has

8   some ties to the United States since arriving five and a half years ago.  For example, he has two cousins

9   and a friend who are willing to act as bail resources, and his brother lives here as well.  However, he is

10  from Honduras, he is not a U.S. citizen, and he is in daily contact with his mother, daughter and three

11  siblings who live in Honduras.  The charges against the defendant expose him to potentially significant

12  prison time.  He therefore has a reason to flee, and he also has a place to go (Honduras) that is familiar

13  to him and where he would have family to welcome him.  There are really no conditions of release that

14  would prevent the defendant from fleeing in this situation.  For example, the Court knows from past

15  experience that it is not true that a defendant's lack of a passport will prevent him from fleeing across

16  the United States' southern border.  Neither does the Court believe that location monitoring technology

17  would be effective to prevent flight in these circumstances.

18        In addition, the defendant is a danger to the community.  He is charged with selling large

19  quantities of fentanyl.  Further, according to the bail report, Agent Cunningham reports that when the

20  defendant was arrested, he had a backpack that contained more than a pound of fentanyl.  Distributing

21  such large quantities of a deadly poison into the community demonstrates an extreme disregard for

22  human life.  Also, this appears to be his only occupation.  There are no conditions of release that will

23  ensure the safety of the community from someone whose alleged conduct placed so many members of

24  the community in such great danger.

25        These findings are made without prejudice to the defendant's right to seek review of defendant's

26  detention, or file a motion for reconsideration if circumstances warrant it.

27        Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

28        1.      The defendant be, and hereby is, committed to the custody of the Attorney General for

1   confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

2   sentences or being held in custody pending appeal;

3         2.       The defendant be afforded reasonable opportunity for private consultation with counsel;

4   and

5         3.       On order of a court of the United States or on request of an attorney for the government,

6   the person in charge of the corrections facility in which the defendant is confined shall deliver the

7   defendant to an authorized United States Marshal for the purpose of any appearance in connection with a

8   court proceeding.

9         IT IS SO ORDERED.

10

11  DATED:  April 11, 2022

12                                                    HONORABLE THOMAS S. HIXSON
                                                      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28